FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

2010 MAR 26  P 12: 30

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **ELIZABETH D. KNAPP**<br>743 10th Street, SE<br>Washington, DC 20003 | : |
| | : |
| | : |
| **PLAINTIFF,** | : |
| | : |
| **v** | : |
| | : |
| **CHARLES W. PRESTON, II**<br>774-C Walker Road<br>Great Falls, Virginia 22066 | : |
| | : |
| **and** | : |
| | : |
| **PRINCOR FINANCIAL SERVICES CORPORATION**<br>c/o Its Registered Agent: Corporation Service Company<br>505 5th Avenue, Suite 729<br>Des Moines, IA 50309 | : |
| | : |
| **and** | : |
| | : |
| **CHARLES G. PRESTON**<br>774-C Walker Road<br>Great Falls, Virginia 22066 | : |
| | : |
| **and** | : |
| | : |
| **JUAN NELSON LAINES**<br>1904 Great Falls Street<br>McLean, Virginia 22101 | : |
| | : |
| **and** | : |
| | : |
| **ANNA LAINES**<br>1904 Great Falls Street<br>McLean, Virginia 22101 | : |
| | : |
| **and** | : |
| | : |
| **LATICOM INTERNATIONAL, INC.**<br>774-C Walker Road<br>Great Falls, Virginia 22066 | : |
| | : |
| **DEFENDANTS.** | : |

**COMPLAINT**

1:10cv292
(TSE|TCB)

## COMPLAINT

ELIZABETH D. KNAPP ("PLAINTIFF"), by and through her undersigned counsel, states the following as her Complaint against DEFENDANTS, PRINCOR FINANCIAL SERVICES CORPORATION ("PRINCOR"), CHARLES W. PRESTON, II ("BROKER PRESTON"), CHARLES G. PRESTON ("ATTORNEY PRESTON"), JUAN NELSON LAINES ("LAINES"), ANNA LAINES ("ANNA") and LATICOM INTERNATIONAL, INC. ("LATICOM"):

## I. THE PARTIES

1.     PLAINTIFF is a resident of the District of Columbia.

2.     Defendant BROKER PRESTON is a resident of the Commonwealth of Virginia and does business in the Commonwealth of Virginia. Defendant BROKER PRESTON is the son of Defendant ATTORNEY PRESTON.

3.     Defendant PRINCOR is an Iowa Corporation with a Corporate ID number 3281 and is part of the Principal Financial Group which is licensed to conduct business in the Commonwealth of Virginia.

4.     Defendant ATTORNEY PRESTON is a resident of the Commonwealth of Virginia and does business in the Commonwealth of Virginia.  Defendant ATTORNEY PRESTON is the father of Defendant BROKER PRESTON.

5.     Defendant LAINES is a resident of the Commonwealth of Virginia and does business in the Commonwealth of Virginia.

6.     Defendant ANNA is a resident of the Commonwealth of Virginia and does business in the Commonwealth of Virginia.

7.     Defendant LATICOM is a Delaware Corporation with a Corporate ID number 3862206 and does business in the Commonwealth of Virginia.

8.     Upon information and belief LATICOM is the alter ego of and is controlled by LAINES and ANNA.

## II. JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to 15 U.S.C. 77l, 15 U.S.C. 78j(b), 17 C.F.R. Sec. 204.10b-5 and pursuant to 28 U.S.C. Section 1331, and pursuant to 28 U.S.C. Section 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest, fees and costs.

10.    Venue is proper in this judicial district under 28 U.S.C. Section 1391, in that DEFENDANTS conduct and transact business in this judicial district.

## III. NATURE OF THE CASE

11.    This is a claim seeking redress for the wrongful conduct of DEFENDANTS relating to the sale of unsuitable and fraudulent investments by PRINCOR, its representative BROKER PRESTON and DEFENDANTS ATTORNEY PRESTON, LAINES, ANNA, AND LATICOM.

12.    PLAINTIFF seeks compensatory and punitive damages and other remedies for the unlawful and unconscionable conduct of DEFENDANTS including, but not limited to:

1.    Breach of Fiduciary Duty
      (PRINCOR and BROKER PRESTON)

2.    Breach of Contract
      (PRINCOR and BROKER PRESTON)

3.    Negligence
      (PRINCOR and BROKER PRESTON)

4.    Common Law Fraud (Actual)
      (BROKER PRESTON ATTORNEY PRESTON, LAINES, ANNA, and LATICOM)

5.    Common Law Fraud (Constructive)
      (PRINCOR and BROKER PRESTON)

3

6.     Failure to Supervise and Control
       (PRINCOR)

7.     Violation of Federal Securities Laws and NASD Rules of Fair Practice
       (PRINCOR and BROKER PRESTON)

8      Violation of Virginia Securities Laws
       (PRINCOR and BROKER PRESTON)

9.     Breach of Contract
       (LAINE, ANNA and LATICOM)

10.    Violation of Federal Securities Laws
       (BROKER PRESTON, ATTORNEY PRESTON, LAINE, ANNA
        and LATICOM)

11.    Violation of State Securities Laws
       (BROKER PRESTON, ATTORNEY PRESTON, LAINE, ANNA
       and LATICOM)

12.    Conversion
       (BROKER PRESTON, ATTORNEY PRESTON, LAINE, ANNA and
       LATICOM)

13.    Conspiracy
       (BROKER PRESTON, ATTORNEY PRESTON, LAINE, ANNA and
       LATICOM)

14.    Unjust Enrichment
       (All DEFENDANTS)

## IV. **FACTUAL BACKGROUND**

13.    PLAINTIFF is an independent sales representative.  She has a high school

education and does not have any financial or investment training.  Plaintiff's net worth is

substantially less than $1,000,000, and her annual income is substantially less than

$200,000/year. By all accounts – financial, educational, and experiential – there is no question

that Plaintiff was not a "Qualified Investor."

4

14.     During 2003 PLAINTIFF met BROKER PRESTON.  They began a romantic relationship shortly thereafter.

15.     BROKER PRESTON represented to PLAINTIFF that he was a financial advisor and worked for PRINCOR.

16.     In 2004, BROKER PRESTON convinced PLAINTIFF to let him act as her broker and to roll over her Exxon Mobil 401K account over to a retirement account with PRINCOR.

17.     At that time, PLAINTIFF'S account was valued at approximately $90,000.00.

18.     PLAINTIFF made clear to BROKER PRESTON that she did not have any experience in investing, that she was relying on him to give her sound advice, that the $90,000 in her 401(k) was her _entire_ retirement savings, and that, while she wanted the investment to generate income, she did not want to place her principal at substantial risk.

19.     On December 16, 2004, BROKER PRESTON convinced PLAINTIFF to use approximately $85,000 from her Princor account (which he was managing) to purchase an Annuity from USAllianz.

20.     PLAINTIFF did not understand, and BROKER PRESTON did not explain, that this purchase would limit her access to these funds and make them substantially less liquid.

21.     PLAINTIFF is informed and believes that BROKER PRESTON was paid a commission by USAllianz for affecting this Annuity purchase by PLAINTIFF.

22.     In or about December, 2007, BROKER PRESTON contacted PLAINTIFF and informed her that had had "the investment opportunity of a lifetime" and that if she invested $75,000 of her retirement account into LATICOM, the $75,000 would be paid back within 60 days and that there would be no penalty or taxes on the transaction and that she would receive an additional $115,000 in September of 2008.

23.    BROKER PRESTON represented to PLAINTIFF that the investment was safe and secure and that the investment would be paid back to PLAINTIFF'S IRA account within 60 days before she incurred any fees or penalties.

24.    BROKER PRESTON failed to disclose the significant risks involved with this investment and failed to disclose that the investment was drastically unsuitable for PLAINTIFF in violation of FINRA Rule 2310.

25.    ATTORNEY PRESTON is the father of BROKER PRESTON.

26.    ATTORNEY PRESTON and BROKER PRESTON share an office located at 774-C Walker Road, Great Falls, Virginia 22066.

27.    That same address, 774-C Walker Road, Great Falls, Virginia 22066, is listed as LATICOM's address. (See Para. 29 herein and Exhibit B).

28.    On December 11, 2007, PLAINTIFF prepared a check in the amount of $75,000.00 payable to LATICOM ("PLAINTIFF'S $75,000 Check"). (Exhibit A).

29.    On December 27, 2007, BROKER PRESTON arranged the exchange of PLAINTIFF'S $75,000.00 Check for a Note in the amount of $190,000.00 ("LATICOM NOTE") and Security Agreement ("LATICOM SECURITY AGREEMENT"). Both documents were executed by LAINES as President of LATICOM (See Exhibits B and C).

30.    Plaintiff is informed and believes that both the LATICOM NOTE and the LATICOM SECURITY AGREEMENT were prepared by ATTORNEY PRESTON.

31.    On December 27, 2007 PLAINTIFF'S $75,000.00 Check was presented to the bank and honored. (Exhibit A).

32.    The LATICOM NOTE states in part:

"The initial loan of Seventy Five Thousand and No/100 Dollars ($75,000.00) shall be repaid within three (3) months from the date of this Note, but irrespective

6

of the percentage distribution payment on this Note, final payment is due and owing nine (9) months from the date of this Note..." (Exhibit B).

33.    The LATICOM SECURITY AGREEMENT states in part:

"Statement of Pledge.  In consideration of, and as inducement for the Creditor having loaned the Debtor Seventy Five Thousand Dollars ($75,000.00) on the 27th day of December, 2007, evidence by a certain promissory note, herein referred to as the "Note" of even date herewith made by the Debtor, the Debtor hereby pledges and delivers to the Creditor the revenue account receipts from the telecommunication business, and all moneys due to or to become due upon the same, as collateral security for the payment of the advances hereunder made to the undersigned as deposited in Bank of America Account No 435008188832." (Exhibit C).

34.    ATTORNEY PRESTON represented to Plaintiff that on February 21, 2008, he filed a UCC Financing Statement with the Virginia State Corporation Commission covering "Account No. 453008188832 Bank of America".

35.    The Virginia State Corporation Commission has no record of any UCC filing for LATICOM.

36.    Between February and October 2008, PLAINTIFF contacted BROKER PRESTON numerous times inquiring about payment of the LATICOM NOTE.

37.    During those conversations, BROKER PRESTON assured PLAINTIFF that she would be paid in full soon and that she would also be paid any taxes, penalty and interest owed to the IRS as a result of failing to return the $75,000 to her retirement account within 60 days.

38.   On or about October 3, 2008, ATTORNEY PRESTON sent, via U.S. Mail, "a Stockholder and Investor News Letter No. 1 from the desk of Charles G. Preston October 3, 2008" (ATTORNEY PRESTON'S NEWSLETTER").

39.   ATTORNEY PRESTON'S NEWSLETTER states in part:

"Investor Loans:  We anticipate within the next 60 days beginning

to make investor repayments.  It has taken more time to obtain

telecommunication contracts and increase telephone minutes than

anticipated...".

40.   On or about February 4, 2009, BROKER PRESTON informed PLAINTIFF that LATICOM would be receiving three million dollars in wire transfers.

41.   On or about May 6, 2009 at 4:40 PM, BROKER PRESTON informed PLAINTIFF by telephone that "Juan [LAINES] called, his meeting went well 80% certain we're getting the money, the paperwork is being drawn up."

42.   On or about May 27, 2009, BROKER PRESTON informed PLAINTIFF that "We're getting the money wired today."

43.   On or about September 30, 2009, PLAINTIFF'S attorney sent a demand letter to BROKER PRESTON and LATICOM ("DEMAND LETTER") stating in part:

"The Promissory Note ... is now in default, notice is hereby given

of this fact, and demand is hereby made for full payment of the amount

due under the Promissory Note ($190,000.00)".

44.   Since sending the DEMAND LETTER, Plaintiff has learned that LAINES plead guilty in this Court to two felony counts of "Aiding in the preparation of false tax returns," on August 9, 2004.

45.   BROKER PRESTON never informed Plaintiff that LATICOM, the company he convinced her to invest approximately 75% of her life's savings in, was lead by a convicted felon.

46.   Plaintiff has also learned that LAINES filed for bankruptcy under Chapter 7 of the Bankruptcy code on January 2, 2004.  He was represented by LAWYER PRESTON in that bankruptcy proceeding.

47.   In that Bankruptcy proceeding, the Bankruptcy Trustee filed an adversary proceeding against LAINES (with LAWYER PRESTON as LAINES' counsel) to recover fraudulent conveyances.

48.   BROKER PRESTON never informed Plaintiff that LAINES, the president of the company BROKER PRESTON convinced Plaintiff to invest approximately 75% of her life's savings in was a bankrupt, and was accused during that bankruptcy of committing fraud to conceal assets from the Bankruptcy Court.

49.   Given the close relationships between LAWYER PRESTON, BROKER PRESTON, and LAINES, BROKER PRESTON knew, or reasonably should have known, that LAINES was a felon, a bankrupt, and a accused fraudster when he advised Plaintiff to invest approximately 75% of her retirement savings in LATICOM.

50.   As of the date of the filing of this Complaint, PLAINTIFF has received no payment on the LATICOM NOTE.

51.   Plaintiff is informed and believes that BROKER PRESTON was, during the relevant time period, a FINRA registered broker/dealer, but that registration has since been terminated.

9

52.    Plaintiff is informed and believes that BROKER PRESTON was, during the relevant time period, a broker/dealer affiliated with, and supervised by, PRINCOR, but has since been terminated by PRINCOR.

## V.    NASD REGULATIONS

53.    Since BROKER PRESTON and PRINCOR are required by law to register as broker/dealers and to become members of FINRA, its representatives knew or should have known of the numerous rules and notices FINRA sent to its members.

### A.    NASD RULES AND NOTICES TO MEMBERS

54.    The National Association of Securities Dealers, Inc. (NASD) Rule 3010 requires each member to establish and maintain a system to supervise the activities of each registered representative and associated person in order to achieve compliance with the securities laws, regulations, and NASD rules.

55.    NASD Rule 2310 (Suitability Rule) prescribes the basic requirements of performing suitability reviews. The rule provides that a member shall have reasonable grounds for believing that [a] recommendation is suitable for such customer upon the basis of the facts, if any, disclosed by such customer as to his other security holdings and as to his financial situation and needs. The Suitability Rule also provides that a member shall make reasonable efforts to obtain information concerning: (a) the customer's financial status; (b) the customer's tax status; (c) the customer's investment objectives; and (d) such other information used or considered to be reasonable by such member or registered representative in making recommendations to the customer.

56.    NASD Conduct Rule IM-2310.2 provides that members and registered representatives have a fundamental responsibility for dealing fairly with their customers.

57.    Given the rules and Notices to Members, PRINCOR and BROKER PRESTON

knew or should have known that products and sales activities related to the LATICOM "investment" were not appropriate for the PLAINTIFF'S account.

## VI.   CLAIMS

### Claim One
### BREACH OF FIDUCIARY DUTY
### (PRINCOR and BROKER PRESTON)

58.   PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

59.   By reason of the fact that PRINCOR and BROKER PRESTON acted as the PLAINTIFF'S brokers, PRINCOR and BROKER PRESTON owed a fiduciary duty to the PLAINTIFF to act in the utmost good faith and in dealing with PLAINTIFF, including, but not limited to, the following:

a.   The duty to recommend an investment only after studying it sufficiently to become informed as to its nature, price and financial volatility;

b.   The duty to inform the customer of the risks involved in purchasing or selling a particular security or insurance product;

c.   The duty to refrain from self dealing;

d.   The duty not to misrepresent or omit any fact material to a transaction; and

e.   The duty to act in the best interests of PLAINTIFF.

60.   PRINCOR and BROKER PRESTON breached each of the above duties.

61.   As a result of PRINCOR and BROKER PRESTON'S breaches, PLAINTIFF has been damaged in an amount according to proof, but not less than $75,000.00.

11

62.    The aforementioned acts of PRINCOR and BROKER PRESTON were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages against PRINCOR and BROKER PRESTON in an amount according to proof.

63.    In addition, PLAINTIFF seeks all consequential damages proximately caused by PRINCOR and BROKER PRESTON'S wrongful conduct, including, but not limited to lost opportunity costs, interest, adverse tax consequences, and attorney's fees.

**Claim Two**
**BREACH OF CONTRACT**
**(PRINCOR and BROKER PRESTON)**

64.    PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

65.    PRINCOR and BROKER PRESTON are obligated to provide PLAINTIFF with competent and professional services in accordance with applicable industry rules, regulations, customs and practices.

66.    Such obligations were mandated by the very nature of PRINCOR and BROKER PRESTON'S business, business affiliations and undertakings for PLAINTIFF.

67.    By the conduct outlined above, PRINCOR and BROKER PRESTON breached their contracts with the PLAINTIFF.

68.    As a result of PRINCOR and BROKER PRESTON'S breaches, PLAINTIFF has been damaged in an amount according to proof, but not less than $75,000.

**Claim Three**
**NEGLIGENCE**
**(PRINCOR and BROKER PRESTON)**

69.    PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

70.     PRINCOR and BROKER PRESTON owed a duty to the PLAINTIFF to manage PLAINTIFF'S investments with PLAINTIFF'S best interests in mind, including a duty to provide accurate advice. Further, PRINCOR and BROKER PRESTON owed PLAINTIFF a duty to accurately and adequately explain the risks inherent in the particular investment strategy that they recommended.

71.     Additionally, PRINCOR and BROKER PRESTON violated their duties under NASD and NYSE rules, such as the "know your customer rule" by recommending unsuitable securities for PLAINTIFF in disregard of the PLAINTIFF' risk tolerances, needs, and financial situation. To the extent that PRINCOR and BROKER PRESTON violated and/or disregarded their own internal compliance guidelines, they are liable to PLAINTIFF for the losses resulting from such negligence.

72.     As a result of PRINCOR and BROKER PRESTON'S breaches, PLAINTIFF has been damaged in an amount according to proof, but not less than $75,000.

**Claim Four**
**COMMON LAW FRAUD (ACTUAL)**
**(BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM)**

73.     PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

74.     By reason of the fact that PRINCOR and BROKER PRESTON acted as PLAINTIFF'S brokers and agents, PRINCOR and BROKER PRESTON owed a duty of good faith and fair dealing to PLAINTIFF.

75.     PRINCOR and BROKER PRESTON breached their duties to PLAINTIFF by misleading PLAINTIFF to PLAINTIFF' prejudice and to PRINCOR and BROKER PRESTON'S advantage.   Specifically, PRINCOR and BROKER PRESTON'S advantage consisted of compensation in the form of commissions, profits or other remuneration it received

by misleading PLAINTIFF into believing that the product selection was suitable for the PLAINTIFF. PLAINTIFF reasonably relied upon PRINCOR and BROKER PRESTON'S misrepresentations and material omissions, and as a result, PLAINTIFF was damaged.

76.    As a result of PRINCOR and BROKER PRESTON'S numerous breaches, PLAINTIFF has been damaged in an amount according to proof.

77.    The aforementioned acts of PRINCOR and BROKER PRESTON were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages against PRINCOR and BROKER PRESTON in an amount according to proof.

**Claim Five**
**COMMON LAW FRAUD (CONSTRUCTIVE)**
**(PRINCOR and BROKER PRESTON)**

78.    PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

79.    PRINCOR and BROKER PRESTON supplied, and were in the business of supplying, information to guide others such as PLAINTIFF in making her investment decisions. PRINCOR and BROKER PRESTON hold themselves out as being capable of providing certain services to clients, including helping investors set investment objectives and determine proper asset allocation.

80.    PRINCOR and BROKER PRESTON were negligent in making the foregoing representations, as they failed to provide PLAINTIFF with advice and guidance in accordance with her investment objectives and financial situation. PLAINTIFF reasonably relied on PRINCOR and BROKER PRESTON'S representations and omissions, and suffered financial losses as a direct and proximate cause thereof.

## Claim Six
## FAILURE TO SUPERVISE AND CONTROL
## (PRINCOR)

81.   PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

82.   By reason of the fact that PRINCOR employed, controlled, supervised, licensed, and allowed the BROKER PRESTON to hold himself out as an agent that was registered and authorized to sell securities, they owed PLAINTIFF a duty to properly supervise BROKER PRESTON, including but not limited to, the duty to control the representations BROKER PRESTON made to PLAINTIFF, to control BROKER PRESTON dealings with PLAINTIFF, and to prevent BROKER PRESTON from effectuating unsuitable and wrongful transactions in PLAINTIFF'S accounts.

83.   PRINCOR breached their duties to PLAINTIFF by failing to properly supervise BROKER PRESTON. Specifically, PRINCOR knew or should have known that BROKER PRESTON was engaging in wrongful conduct by selling the PLAINTIFF unsuitable investments.

84.   As a result of PRINCOR'S breach, PLAINTIFF has been damaged in an amount according to proof.

85.   In committing the acts described in this claim, PRINCOR acted in conscious disregard of their duties to PLAINTIFF in that PRINCOR, through their individual agents, misrepresented, deceived, and/or concealed from PLAINTIFF, facts known or facts that should have been known to them with the intention on the part of PRINCOR of generating commissions, profits and other remuneration. The conduct of PRINCOR warrants an assessment of exemplary and punitive damages in an amount appropriate to punish PRINCOR and to deter others from engaging in similar wrongful conduct.

### Claim Seven
## VIOLATION OF FEDERAL SECURITIES LAWS
## AND NASD RULES OF FAIR PRACTICE
## (PRINCOR and BROKER PRESTON)

86.   PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

87.   PRINCOR and BROKER PRESTON'S wrongful conduct, as alleged herein, constitutes violations of 15 U.S.C. 77l, 15 U.S.C. 78j(b), 17 C.F.R. Sec. 204.10b-5, and Sections 2310 and 3010 of the National Association of Securities Dealers, Inc. Rules.

88.   As a result of the wrongful conduct engaged in by PRINCOR and BROKER PRESTON, PLAINTIFF have suffered damages in an amount according to proof, plus interest at the legal rate from the date of the wrongful conduct to the date of payment.

89.   PRINCOR and BROKER PRESTON owed multiple duties to the PLAINTIFF. By placing the PLAINTIFF in unsuitable investments, and by misrepresenting and omitting facts necessary for the PLAINTIFF to make informed decisions regarding those investments, PRINCOR and BROKER PRESTON breached their duties to the PLAINTIFF and caused her to lose substantial sums of money.

90.   As a result of PRINCOR and BROKER PRESTON'S breaches of their fiduciary duties, breaches of contract, common law fraud, fraudulent concealment, negligence, negligent misrepresentation and omission, failure to supervise and control, violations of state securities laws, and violations of NASD and NYSE rules, PLAINTIFF request an award against PRINCOR and BROKER PRESTON as follows:

a.   Compensatory damages in an amount according to proof;

b.   All consequential damages, including but not limited to, professional costs and adverse tax consequences;

16

c.    Disgorgement and restitution of all earnings, profits, compensation and benefits received by PRINCOR and BROKER PRESTON as a result of their unlawful acts and practices in an amount according to proof;

d.    Lost opportunity cost of what the investments would have earned if suitably invested;

e.    Costs of proceedings;

f.    Attorney's fees and costs;

g.    Pre-judgment and post-judgment interest at the legal rate;

h.    Punitive damages in an amount according to proof;

i.    Such other relief as this panel may deem just and equitable.

### Claim VIII
### VIOLATION OF VIRGINIA SECURITIES LAWS
### (PRINCOR and BROKER PRESTON)

91.    PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

92.    PRINCOR and BROKER PRESTON'S wrongful conduct, as alleged herein, constitutes violations of Sec. 13.1-522 of the Virginia Securities Act.

93.    As a result of the wrongful conduct engaged in by PRINCOR and BROKER PRESTON, PLAINTIFF have suffered damages in an amount according to proof, plus interest at the legal rate from the date of the wrongful conduct to the date of payment.

94.    PRINCOR and BROKER PRESTON owed multiple duties to the PLAINTIFF. By placing the PLAINTIFF in unsuitable investments, and by misrepresenting and omitting facts necessary for the PLAINTIFF to make informed decisions regarding those investments, PRINCOR and BROKER PRESTON breached their duties to the PLAINTIFF and caused her to

lose substantial sums of money.

95.   As a result of PRINCOR and BROKER PRESTON'S breaches of their fiduciary duties, breaches of contract, common law fraud, fraudulent concealment, negligence, negligent misrepresentation and omission, failure to supervise and control, violations of state securities laws, and violations of NASD and NYSE rules, PLAINTIFF request an award against PRINCOR and BROKER PRESTON as follows:

a.   Compensatory damages in an amount according to proof;

b.   All consequential damages, including but not limited to, professional costs and adverse tax consequences;

c.   Disgorgement and restitution of all earnings, profits, compensation and benefits received by PRINCOR and BROKER PRESTON as a result of their unlawful acts and practices in an amount according to proof;

d.   Lost opportunity cost of what the investments would have earned if suitably invested;

e.   Costs of proceedings;

f.   Attorney's fees and costs;

g.   Pre-judgment and post-judgment interest at the legal rate;

h.   Punitive damages in an amount according to proof;

i.   Such other relief as this panel may deem just and equitable.

### Claim Nine
### BREACH OF CONTRACT
### (LAINES, ANNA AND LATICOM)

96.   PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

97.    PLAINTIFF and LATICOM entered into two contracts: THE LATICOM NOTE and THE LATICOM SECURITY AGREEMENT.

98.    As good and valuable consideration for the benefits promised by LATICOM (and, by extension, LAINES and ANNA) in THE LATICOM NOTE and THE LATICOM SECURITY AGREEMENT, Plaintiff tendered a check for $75,000.00 to Defendants.

99.    Despite repeated demands to do so, Defendants have failed to honor the terms of the LATICOM NOTE or THE LATICOM SECURITY AGREEMENT.

100.    As a direct and proximate result of PLAINTIFF' breaches of contracts, PLAINTIFF has sustained damages to date in an amount in excess of $190,000.00, plus interest and attorneys' fees.

101.    Wherefore, PLAINTIFF demands judgment against BROKER PRESTON, LAINES and LATICOM in an amount of $190,000.00 in compensatory damages, plus interest, costs, attorneys' fees, and any other relief to which this Court finds her entitled.

### Claim Ten
### VIOLATION OF FEDERAL SECURITIES LAWS
### (BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA AND LATICOM)

102.    PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

103.    BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM deceived, misled and defrauded PLAINTIFF by making false representations of material facts and by actively concealing certain other material facts which BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM had an obligation to disclose to PLAINTIFF.

104.    BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM'S wrongful conduct, as alleged herein, constitutes violations of 15 U.S.C. 771, 15

19

U.S.C. 78j(b), 17 C.F.R. Sec. 204.10b-5, and Sections 2310 and 3010 of the National

Association of Securities Dealers, Inc. Rules.

105.   By way of example, Defendants represented that Plaintiff's investment was

secure, the principal investment of $75,000.00 would be repaid within ninety days, and Plaintiff

would receive another $115,000.00 within nine months of the original investment.

106.   Defendants further represented that LATICOM was a viable and ongoing business

concern with millions of dollars of telecommunications contracts.

107.   These representations were false, and were known by Defendants to be false when

they were made.

108.   Defendants made these false representations with the intent that Plaintiff would

rely on them.

109.   Plaintiff did rely on these false representations in her decision to make the

LATICOM "investment", and such reliance was reasonable.

110.   PLAINTIFF was harmed, and continues to be harmed, by her reasonable reliance

on BROKER PRESTON, ATTORNEY PRESTON, LAINES and LATICOM'S fraudulent

representations.

111.   PLAINTIFF is informed and believes that, BROKER PRESTON, ATTORNEY

PRESTON, LAINES, ANNA and LATICOM intended at the time they took PLAINTIFF'S

money to keep some  or all of the monies for their own benefit and not to honor the terms of the

LATICOM NOTE.

112.   This fact is evidenced by ATTORNEY PRESTON'S fraudulent representation to

Plaintiff that a she would have a UCC security interest in LATICOM's accounts receivable, and

that he (ATTORNEY PRESTON) would file the necessary paperwork to perfect that UCC

security interest.

113.   ATTORNEY PRESTON never made any such filing.

114.   As a proximate result of BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM'S fraud and deceit, PLAINTIFF suffered great damages as hereinabove described.

WHEREFORE, PLAINTIFF damages judgment against BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM jointly and severally, in the sum of $190,000.00, plus interest, costs, attorneys' fees, punitive damages and any other relief to which this Court finds her entitled.

## Claim Eleven
## VIOLATION OF STATE SECURITIES LAWS
## (BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA AND LATICOM)

115.   PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

116.   BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM deceived, misled and defrauded PLAINTIFF by making false representations of material facts and by actively concealing certain other material facts which BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM had an obligation to disclose to PLAINTIFF.

117.   BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM'S wrongful conduct, as alleged herein, constitutes violations of Sec. 13.1-522 of the Virginia Securities Act.

118.   By way of example, Defendants represented that Plaintiff's investment was secure, the principal investment of $75,000.00 would be repaid within ninety days, and Plaintiff would receive another $115,000.00 within nine months of the original investment.

119.   Defendants further represented that LATICOM was a viable and ongoing business concern with millions of dollars of telecommunications contracts.

120.   These representations were false, and were known by Defendants to be false when they were made.

121.   Defendants made these false representations with the intent that Plaintiff would rely on them.

122.   Plaintiff did rely on these false representations in her decision to make the LATICOM "investment", and such reliance was reasonable.

123.   PLAINTIFF was harmed, and continues to be harmed, by her reasonable reliance on BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM'S fraudulent representations.

124.   PLAINTIFF is informed and believes that, BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM intended at the time they took PLAINTIFF'S money to keep some  or all of the monies for their own benefit and not to honor the terms of the LATICOM NOTE.

125.   This fact is evidenced by ATTORNEY PRESTON'S fraudulent representation to Plaintiff that a she would have a UCC security interest in LATICOM's accounts receivable, and that he (ATTORNEY PRESTON) would file the necessary paperwork to perfect that UCC security interest.

126.   ATTORNEY PRESTON never made any such filing.

127.   As a proximate result of BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM'S fraud and deceit, PLAINTIFF suffered great damages as hereinabove described.

WHEREFORE, PLAINTIFF damages judgment against BROKER PRESTON,

ATTORNEY PRESTON, LAINES, ANNA and LATICOM jointly and severally, in the sum of

$190,000.00, plus interest, costs, attorneys' fees, punitive damages and any other relief to which

this Court finds her entitled.

### Claim Twelve
### CONVERSION
### (BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM

128.   PLAINTIFF hereby realleges and incorporates the allegations of all preceding

paragraphs herein.

129.   BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and

LATICOM are indebted to PLAINTIFF as herein described.

130.   BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and

LATICOM have failed and refused to provide an accounting as required by law and to pay

PLAINTIFF the sums due PLAINTIFF.

131,   Accordingly, BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA

and LATICOM have wrongfully converted PLAINTIFF'S money to their own use and benefit.

132.   As a proximate result of BROKER PRESTON, ATTORNEY PRESTON,

LAINES and LATICOM"S conversion, PLAINTIFF has suffered damages.

### Claim Thirteen
### CONSPIRACY
### (BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and LATICOM)

133.   PLAINTIFF hereby realleges and incorporates the allegations of all preceding

paragraphs herein.

134.   BROKER PRESTON, ATTORNEY PRESTON, LAINES, ANNA and

LATICOM, acting in concert, conspired to defraud PLAINTIFF, to convert monies due to

PLAINTIFF to their own use and to violate the laws of the Commonwealth of Virginia as herein alleged.

135.   As a direct and proximate result of the conspiracy among BROKER PRESTON, ATTORNEY PRESTON, LAINES and LATICOM, PLAINTIFF has suffered damages.

### Claim Fourteen
### UNJUST ENRICHMENT
### (ALL DEFENDANTS)

136.   PLAINTIFF hereby realleges and incorporates the allegations of all preceding paragraphs herein.

137.   DEFENDANTS have been unjustly enriched by obtaining money through unlawful means and at the expense of PLAINTIFF.

138.   Under the legal principles of unjust enrichment, DEFENDANTS should not be permitted to retain the benefits conferred by such ill-gotten income.

139.   PLAINTIFF seeks disgorgement of all of monies DEFENDANTS have obtained or derived from their unlawful acts.

### VII.   PUNITIVE DAMAGES

140.   As a direct and proximate result of each of these DEFENDANTS' acts, as set forth above, both collectively and individually, the PLAINTIFF has suffered economic and pecuniary loss, as well as, emotional distress, aggravation, annoyance and inconvenience and all other damages which may be disclosed herein.

141.   Due to these DEFENDANTS' intentional, malicious, willful and wanton actions against PLAINTIFF, PLAINTIFF demands punitive damages against each of these DEFENDANTS in an amount stated in the Prayer for Relief and beyond those compensatory damages sought herein.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Honorable Court:

I.     Enter a judgment against DEFENDANTS, and each of them jointly and severally, in the amount of economic damages, compensatory damages, and liquid damages outlined in the claims above, plus interest, costs, attorneys' fees, but in no event less than $400,000.00;

II.     Require DEFENDANTS to provide PLAINTIFF with a full accounting of all funds received from PLAINTIFF;

III.     Enjoin DEFENDANTS from transferring or selling any assets during the pendency of this action; and

IV.     Award PLAINTIFF such other relief as may be just and proper, including Punitive Damages and/or Attorney's Fees, to which this Court finds PLAINTIFF is entitled.

## VIX. JURY DEMAND

Plaintiff requests a trial by Jury.

Respectfully submitted,

March 25, 2010

Daniel S. Ward, VSB 45978
Ward & Ward P.L.L.C.
2020 N Street, NW
Washington, DC 20036
(202) 331-8160
(202) 331-9069 Fax
Dan@wardlawdc.com

ATTORNEY FOR PLAINTIFF
ELIZABETH D. KNAPP